### No. 296.

A. LEHMAN & Co. *v.* JOSEPH DREYFUS.    J. G. SPOR, Garnishee.

1. The facts necessary to give to this Court jurisdiction must affirmatively appear.
2. Where garnishment process issues, upon a judgment exceeding $2,000, and no specific value or amount is charged as held by garnishee, and the prayer against said garnishee is that he be condemned to pay the amount of the judgment, or such portion thereof as may equal what shall be shown as the amount of garnishee's indebtedness to the defendant debtor—held, this Court is without jurisdiction.

*Appeal from Civil District Court, Division E.    Voorhies, J.*

*E. T. Florance* for plaintiffs and appellants.

*Jos. Maille* for garnishee and appellee.

KELLY, J.—A. Lehman & Co. having, in suit No. 9665 of the docket of the Civil District Court for the Parish of Orleans, recovered judgment against Joseph Dreyfus for the sum of $3620.05, and costs, and having caused to be issued thereunder a writ of *fieri facias* against the judgment debtor, by supplemental petition made John G. Spor a party defendant to said suit as

garnishee. This supplemental petition, drawn according to a common formula, does not allege that Spor had in his possession any specific property, rights or credits of Dreyfus, the judgment debtor. of any alleged certain value; or that Spor was indebted to Dreyfus in any certain amount. It merely alleges that plaintiffs " have good reason to believe that John G. Spor, a third person, is indebted unto said defendant, or has property or effects in his possession or under his control belonging to said defendant;" and prays that said John G. Spor be made garnishee, and ordered to answer under oath the accompanying interrogatories, and " after all due proceedings, *condemned to pay the amount of said fieri facias and costs;*" the amount of the *fieri facias* being stated in the body of said supplemental petition to be $3620.05, with interest and costs.

To all of the interrogatories propounded to him as garnishee, according to the customary formula, Spor answered, without qualification, in the negative; and, thereupon, on motion of counsel for plaintiffs, "and on showing to the Court that the answers of John G. Spor, garnishee, are untrue," it was ordered that John G. Spor show cause, on a day named, "why he should not be condemned to pay plaintiffs the *amount of their judgment*, or up to such portion thereof as said Spor may be shown to be indebted to defendant.

From a judgment discharging this rule, the present appeal was taken by the plaintiffs.

From the statement which has been made of the pleadings in the cause, it is apparent that the sum claimed by the plaintiffs of Spor, made defendant as garnishee, and for which they pray judgment against him, is the amount of their judgment and writ against Dreyfus, to-wit: three thousand six hundred and twenty dollars and five cents, with interest and costs, or so much thereof, up to the whole amount, as they may show, by proof, that they are entitled to recover.

Not only is the jurisdiction of this Court over this appeal not made to appear affirmatively, as it must be made to appear in

all cases, but, on the contrary, it is apparent on the face of the pleadings that the amount claimed by plaintiffs of the defendant Spor, as garnishee, and for which judgment is prayed against him, is for the whole amount of the judgment against the original defendant, and that the amount involved is plainly beyond the appellate jurisdiction of this Court.

The appeal is, therefore, dismissed at appellants' costs.